UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOSHUA MAURICE FORNEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) Nos. | 2:13-CR-40-RLJ-MCLC-1 |
| | ) | 2:16-CV-193-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 25]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") to review the case to determine whether Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), for unconstitutional vagueness. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition challenging the propriety of Petitioner's base offense level under Section 2K2.1(a) of the United States Sentencing Guidelines in light of the *Johnson* decision [Doc. 35 (suggesting that Petitioner's sentence is no longer valid because the residual provision in Section 4B1.2 is equally vague)].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual

On September 7, 2016, this Court stayed the action pending resolution of several dispositive legal issues in *Beckles v. United States* [Doc. 32]. The Supreme Court decided the *Beckles* case on March 6, 2016, holding that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). As a result, binding authority now dictates that the *Johnson* decision does not provide a basis for vacating or correcting Petitioner's sentence.

On March 21, 2017, FDSET filed a motion containing two requests: (1) to withdraw as appointed counsel under the Standing Order in light of the *Beckles* decision [Doc. 35 p. 1 (explaining that "she ethically cannot further pursue a motion to vacate . . . under [the] *Johnson* [decision] according to the limited appointment authorization provided by the Standing Order")], and (2) that the Court grant Petitioner leave and a 30-day extension of time to file a pro se amendment to the existing-petition with yet-to-be-identified grounds for collateral relief [*Id.* at 2].

---

clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

.

Because the *Beckles* decision forecloses any possibility of *Johnson*-based relief, FDSET's request to withdraw will be granted and counsel will be relieved of her duties under the Standing Order. FDSET's request for leave to amend and an extension of time to do so will be denied.

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). FDSET filed the petition on June 21, 2016 [Doc. 25]. At no point during the nine-month period leading up to the *Beckles* decision did Petitioner attempt to supplement FDSET's filing with additional grounds for collateral relief. In light of this unjustified delay, an extension of time would be inappropriate.

In accordance with the foregoing and in light of the *Beckles* decision, FDSET's request to withdraw [Doc. 35 p. 1] is **GRANTED** and request that the Court grant Petitioner leave to amend and an extension of time in which to do so [*Id.* at 2] is **DENIED**. This Court's stay of the instant action will be **LIFTED** and Petitioner's § 2255 motion [Doc. 25] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

3

**IT IS SO ORDERED.**

ENTER:

<u>s/ Leon Jordan</u>
United States District Judge